**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42724/42727/42820**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2015 Unpublished Opinion No. 679** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: October 29, 2015** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **DEE ALAN RHOADES,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Orders revoking probation, <u>affirmed</u>; judgment of conviction and sentence for possession of methamphetamine, second or subsequent offense, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

These cases are consolidated on appeal. In Docket No. 42724, Dee Alan Rhoades pled guilty to one count of possession of methamphetamine, Idaho Code § 37-2732(c)(1), and in Docket No. 42727 he pled guilty to one count of burglary, I.C. § 18-1401. The district court imposed concurrent unified sentences of seven years, with two and one-half years determinate. Rhoades filed Idaho Criminal Rule 35 motions for reduction of his sentences in both cases which the district court granted, retaining jurisdiction for 365 days. After the period of retained jurisdiction, the district court suspended the sentences and placed Rhoades on probation.

1

Subsequently, Rhoades admitted to violating the terms of the probation, incurring a charge in Docket No. 42820 of possession of methamphetamine, second or subsequent offense, I.C. §§ 37-2732(c)(1) and 37-2739. The district court consequently revoked probation and ordered execution of the original sentences in the underlying cases and imposed a unified sentence of thirteen years, with three years determinate, in the third case. Rhoades filed an I.C.R. 35 motion for reduction of his sentence, which was denied. Rhoades appeals, contending that the district court abused its discretion in revoking probation in Docket Nos. 42724 and 42727, that the sentence is excessive in Docket No. 42820, and that the district court abused its discretion in denying his I.C.R. 35 motion in Docket No. 42820.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State*

2

*v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Rhoades's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation in Docket Nos. 42724 and 42727 or in imposing Rhoades's judgment of conviction and sentence and denying Rhoades's Rule 35 motion in Docket No. 42820. Therefore, the orders revoking probation and directing execution of Rhoades's previously suspended sentences in Docket Nos. 42724 and 42727 are affirmed. Rhoades's judgment of conviction and sentence, and the district court's order denying Rhoades's Rule 35 motion in Docket No. 42820 are also affirmed.